# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICHARD J. CLARSON as Administrator of LOCAL No. 731, I.B. of T., PRIVATE SCAVENGERS HEALTH and WELFARE FUND and LOCAL No. 731, I.B. of T., PRIVATE SCAVENGERS and GARAGE ATTENDANTS PENSION TRUST FUND, <br><br> LOCAL No. 731, I.B. of T., PRIVATE SCAVENGERS HEALTH and WELFARE FUND, <br><br> and <br><br> LOCAL No. 731, I.B. of T., PRIVATE SCAVENGERS and GARAGE ATTENDANTS PENSION TRUST FUND, <br><br> Plaintiffs, <br><br> v. <br><br> UNION RECYCLING & WASTE SERVICES, INC., ARMOR RECYCLING, INC., ARMOR RECYCLING OF INDIANA, INC., and KEVIN RACZKOWSKI, individually and doing business as UNION RECYCLING & WASTE SERVICES, INC., ARMOR RECYCLING, INC., and ARMOR RECYCLING OF INDIANA, INC., <br><br> Defendants. | Case No. 17-cv-06797 <br><br> Judge Ronald A. Guzman |

## MOTION FOR SUPPLEMENTAL JUDGMENT

Plaintiffs Local No. 731, I.B. of T., Private Scavengers Health and Welfare Fund ("Welfare Fund"), Local No. 731, I.B. of T., Private Scavengers and Garage Attendants Pension Trust Fund ("Pension Fund") (collectively, "Funds"), and their Administrator, Richard J. Clarson, through their attorneys Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, hereby respectfully move this Court for a supplemental judgment against Union Recycling & Waste Services, Inc. ("Union Recycling"); Armor Recycling, Inc. ("Armor Recycling"); Armor

Recycling of Indiana, Inc. ("Armor Indiana"); and Kevin Raczkowski, individually and doing business as Union Recycling & Waste Services, Inc. In support of this motion, Plaintiffs state as follows:

1. This is an action to collect delinquent contributions, plus related interest, liquidated damages, and attorneys' fees, that Union Recycling & Waste Services, Inc. ("Union Recycling") failed to remit to the Funds, in violation of 29 U.S.C. § 1145 and 29 U.S.C. § 185.

2. On May 8, 2018, the Court entered a default judgment against Union Recycling, Armor Recycling, Inc., and Armor Recycling of Indiana, Inc., jointly and severally, in the amount of $138,151.65. (Final Judgment Order Against Corporations [Dkt. No. 28].)

3. On May 17, 2018, the Court entered a default judgment against Kevin Raczkowski, individually, jointly and severally with the May 8, 2018 judgment against the corporate Defendants in the amount of $138,151.65. (Final Judgment Order Against Raczkowski [Dkt. No. 30].)

4. The judgment against Defendants included the attorneys' fees and costs incurred by the Funds as of March 28, 2018 which totaled $11,127.02.

5. The Funds have now incurred a total of $66,817.95 in attorneys' fees and costs as a result of the delinquency that is the subject matter of this litigation. (Declaration of E. Rowe, attached hereto as Exhibit A, ¶¶ 10-12.)

6. Thus, the Funds have incurred an additional $55,690.93 since March 28, 2018 that were not included in the judgment entered against Defendants.

7. The Funds incurred those additional attorneys' fees and costs enforcing their judgment against the Defendants, which did not cooperate with the Funds' collection efforts and

did not voluntarily remit any payments to the Funds to satisfy the judgment until Plaintiffs brought a motion for judicial sale of assets against Defendants in February 2019.

8. Specifically, the Funds' efforts to enforce the judgment have included following: serving citations to discover assets to over 20 entities, communications with third-party citation respondents, communications with the Defendants, communications with the clients, preparing two motions for turnovers, preparing a motion for judicial sale of assets, coordinating a potential sale of assets with professional auctioneers, notifying potential creditors of a possible judicial sale of assets, attending several meetings with Defendants and creditors who opposed the judicial sale of assets to negotiate a payment plan, attending several hearings to resolve the motion for judicial sale of assets, attempting to negotiate an agreed supplemental judgment with Defendants, and preparing this motion for supplemental judgment. (Rowe Decl. ¶¶ 8, 11-12.)

9. The Funds anticipate incurring an additional $675 in attorneys' fees related to this case after the date of this motion. (Rowe Decl. ¶¶ 13-14.)

10. Pursuant to 29 U.S.C. § 1132(g)(2), the Funds are entitled to the "reasonable attorney's fees and costs of [an] action" to collect delinquent contributions; the attorneys' fees and costs that the Funds incurred enforcing their judgment directly resulted from this action and the Funds are therefore entitled to those additional fees and costs under 29 U.S.C. § 1132(g)(2).

WHEREFORE, the Funds respectfully move this court to enter a supplemental judgment order for $56,365.93 in attorneys' fees and costs, in the form of the proposed order submitted to the Court.

Respectfully submitted,

/s/ Elizabeth L. Rowe
Elizabeth L. Rowe
Attorney for the Plaintiff

Jeremy M. Barr (ARDC# 6299047)

Elizabeth L. Rowe (ARDC #6316967)
Dowd, Bloch, Bennett, Cervone,
Auerbach & Yokich
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361