IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD J. CLARSON as Administrator of LOCAL No. 731, I.B. of T., PRIVATE SCAVENGERS HEALTH and WELFARE FUND and LOCAL No. 731, I.B. of T., PRIVATE SCAVENGERS And GARAGE ATTENDANTS PENSION TRUST FUND, *ET AL.* | Case No. 17-cv-06797 |
| Plaintiffs, | Judge Ronald A. Guzman |
| v. | |
| UNION RECYCLING & WASTE SERVICES, INC., ARMOR RECYCLING, INC., *ET AL.* | |
| Defendants. | |

**PLAINTIFFS' MOTION FOR A SECOND SUPPLEMENTAL JUDGMENT**

Plaintiffs Local No. 731, I.B. of T., Private Scavengers Health and Welfare Fund ("Welfare Fund"), Local No. 731, I.B. of T., Private Scavengers and Garage Attendants Pension Trust Fund ("Pension Fund") (collectively, "Funds"), and their Administrator, Richard J. Clarson, through their attorneys Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, hereby respectfully move this Court pursuant to Local Rule 54.3 for a second supplemental judgment against Union Recycling & Waste Services, Inc. ("Union Recycling"); Armor Recycling, Inc.; Armor Recycling of Indiana, Inc.; and Kevin Raczkowski, individually and doing business as Union Recycling & Waste Services, Inc. (collectively, "Defendants.") In support of this motion, Plaintiffs have attached a memorandum of law addressing the following arguments:

1. This is an action to collect delinquent contributions, plus related interest, liquidated damages, and attorneys' fees, that Union Recycling & Waste Services, Inc. ("Union Recycling") failed to remit to the Funds, in violation of 29 U.S.C. § 1145 and 29 U.S.C. § 185.

2. On May 8, 2018, the Court entered a default judgment against Union Recycling, Armor Recycling, Inc., and Armor Recycling of Indiana, Inc., jointly and severally, in the amount of $138,151.65. (Final Judgment Order Against Corporations [Dkt. No. 28].) On May 17, 2018, the Court entered a default judgment against Kevin Raczkowski, individually, jointly and severally with the May 8, 2018 judgment against the corporate Defendants in the amount of $138,151.65. (Final Judgment Order Against Raczkowski [Dkt. No. 30].)

3. On November 11, 2019, the Funds moved for a supplemental judgment for fees incurred collecting on the Final Judgment ("First Fee Motion" [Doc. No. 67]). On January 30, 2020, the parties reached an Agreed Judgment on the First Fee Motion ("Agreed Supplemental Judgment" [Doc. No. 79]).

4. The Funds incurred $13,168.75 litigating the First Fee Motion that resulted in the Agreed Supplemental Judgment, and those fees were incurred between November 15 and February 25.

5. On February 27, 2020, pursuant to Local Rule 54.3(d), the Funds sent Defendants their time and work records upon which their motion for second supplemental judgment would be based, which included the fees litigating the First Fee Motion.

6. Pursuant to Local Rule 54.3(e), attached is the parties' Joint Statement regarding matters that remain in dispute.

7. Defendants object to all but three hours of attorneys' fees sought based on their arguments that: (1) Plaintiffs waived their right to request any more fees by reaching an agreed judgment on the First Fee Motion; (2) Plaintiffs' fees are excessive and unreasonable because they are vastly disproportionate to the time spent obtaining the First Fee Motion; and (3) Defendants incurred less fees litigating the First Fee Motion.

8. Defendants do not object to any specific billing rates or entries, other than generally objecting to time spent communicating between the attorneys and their clients.

9. Defendants' arguments are without merit for the following reasons:

   a. The Funds are entitled to all costs Pursuant to 29 U.S.C. § 1132(g)(2), which provides reasonable attorney's fees and costs of [an] action" to collect delinquent contributions. The attorneys' fees and costs that the Funds incurred seeking a fee motion directly resulted from this action and are properly and routinely awarded under 29 U.S.C. § 1132(g)(2);

   b. The Funds explicitly did not settle any claim for fees when they agreed to the Agreed Supplemental Judgment on the First Fee Motion;

   c. Defendants waived their right to dispute specific billing entries by failing to raise them during negotiations. In any event, the amount of fees incurred litigating the First Fee Motion to the amount of fees sought in the First Fee Motion are reasonable, Defendants incurred nearly the same amount of fees as the Funds litigating the First Fee Motion, and Defendants' unreasonable conduct contributed to the amount of fees that the Funds incurred litigating the First Fee Motion.

10. Since the Funds began the process of trying to reach an agreement with Defendants under Local Rule 54.3, the Funds have incurred an additional $18.346.51 in attorneys' fees through July 16, 2020, and expect to incur additional fees to finalize this motion but will not be able to determine the amount until this matter has been decided by the Court.

11. Pursuant to 29 U.S.C. § 1132(g)(2), the Funds are entitled to the "reasonable attorney's fees and costs of [an] action" to collect delinquent contributions; the attorneys' fees

and costs that the Funds incurred enforcing their judgment directly resulted from this action and the Funds are therefore entitled to those additional fees and costs under 29 U.S.C. § 1132(g)(2).

12.    The law is clear that prevailing parties under ERISA are entitled to attorneys' fees incurred litigating fee motions, and therefore, if Plaintiffs prevail on this motion, they will be entitled to their fees. In the interest of avoiding any further disputes with Defendants as to whether there is a limit on the number of fee motions to which Plaintiffs are entitled, the Funds request that the Court permit the Funds to seek the fees incurred litigating this motion in the judgment on this motion and exempt them from submitting their request for additional fees through the procedure under Local Rule 54.3. Prior to entry of a judgment, Plaintiffs request permission to supplement their fee request through a supplemental declaration from Plaintiffs' attorneys once the Court has ruled on the merits of the motion.

WHEREFORE, For all of the reasons stated in this motion, as well as in Plaintiffs' portion of the Joint Statement and in the accompanying Memorandum of law, Plaintiffs respectfully request that the Court enter an order granting Plaintiffs $13,168.75 in attorneys' fees incurred litigating the First Supplemental Judgment, plus the attorneys' fees Plaintiffs' have incurred and will incur litigating this motion.

Respectfully submitted,

/s/ Elizabeth L. Rowe
Elizabeth L. Rowe
Attorney for the Plaintiff

Jeremy M. Barr (ARDC# 6299047)
Elizabeth L. Rowe (ARDC #6316967)
DOWD, BLOCH, BENNETT, CERVONE,
AUERBACH & YOKICH
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361

4

# CERTIFICATE OF SERVICE

      I, Elizabeth L. Rowe, an attorney, hereby certify that I will cause to be served a copy of the attached Plaintiffs' Motion for a Second Supplemental Judgment by e-filing a copy on July 16, 2020 using the Court's CM/ECF service, which will cause a copy to be sent to the following parties:

| | |
|---|---|
| Daniel Frank Lanciloti<br>Ryan W. Blackney<br>Freeborn & Peters, LLP<br>311 S. Wacker Dr., Ste. 3000<br>Chicago, IL 60606 | Charles F. Godbey<br>Office of the Illinois Attorney General<br>100 West Randolph Street, 13th Floor<br>Chicago, IL 60601 |

      /s/ Elizabeth L. Rowe
      Elizabeth L. Rowe
      Attorney for the Plaintiffs

Jeremy M. Barr (ARDC# 6299047)
Elizabeth L. Rowe (ARDC# 6316967)
DOWD, BLOCH, BENNETT, CERVONE,
    AUERBACH & YOKICH
8 S. Michigan Ave., 19th Floor
Chicago, IL 60603
(312) 372-1361