IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Richard J. Clarson, et al., | ) | |
|     Plaintiffs, | ) | |
| | ) | No. 17 C 6797 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| Kevin Raczkowski, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Plaintiffs' second supplemental motion for attorney's fees [82] is denied.

## STATEMENT

In September 2017, Plaintiffs sued Defendant[1] under ERISA, alleging a failure to pay contributions. In May 2018, the Court entered two final-judgment orders against Defendants, jointly and severally, in the amount of $138,151.65, which included $11,127.02 in attorney's fees. Plaintiffs began supplemental proceedings to enforce the judgments, incurring substantial additional attorney's fees, in part due to Defendant's apparent lack of cooperation.[2] On

---

[1] The original complaint named Kevin Raczkowski and his three companies as defendants. Because the companies have been dismissed as parties, the Court refers to Defendant in the singular.

[2] As general background, Plaintiffs contend that:

> [Defendant] bares [sic] unique responsibility for the fees that the Funds have incurred. Rather than making the economically rational decision to begin paying its contractual contributions to the Funds after the first, second, third, fourth, fifth, or sixth lawsuit and hundreds of thousands of dollars in legal fees, Union Recycling continued down its waywardly path of completely ignoring its obligations to the Funds, prompting this seventh lawsuit against it, which the Funds' trustees had a fiduciary obligation to bring against Union Recycling.

November 11, 2019, Plaintiffs filed a motion for a supplemental judgment order, seeking an additional $56,365.93 in attorney's fees and costs. After negotiations among the parties and a third-party lien holder, the Illinois Department of Revenue, as well as numerous appearances before this Court, the Court entered an agreed supplemental judgment order in the amount of $50,000.00 on January 30, 2020. The Court understood the case to be over and had no reason to believe otherwise.

On July 16, 2020, Plaintiffs filed a motion for a second supplemental judgment, seeking an additional $13,168.75 in attorney's fees, incurred between November 15, 2019 and February 25, 2020, for litigating the agreed supplemental judgment order entered on January 30, 2020. According to Plaintiffs, when negotiating the first supplemental agreed judgment order, they had informed defense counsel "that the amounts covered by the Agreed Supplemental Judgment only included the amounts sought in the First Fee Motion, which covered 267.05 hours of work through November 11, 2019." (Pls.' Mem. Supp. Mot., Dkt. # 83, at 3.) Plaintiffs further state in their motion:

> After reaching agreement on the terms of the Agreed Supplemental Judgment, the parties exchanged drafts of the language of the judgment. Plaintiffs' draft included language stating the agreed order was "for attorneys' fees and costs through November 14, 2019 in the total amount of $50,000." Defendants then sent a draft to Plaintiffs, striking a number of terms in the proposed order, including striking the terms "through November 14, 2019."

(*Id*. at 5.) Plaintiffs' counsel recounts that upon receiving Defendant's changes, she immediately called defense counsel, asking the reason for his striking the date from the proposed agreement. Plaintiffs state that it was their understanding, after speaking with defense counsel, that "Defendants wanted to remove the reference to the November 14, 2019 to avoid any interpretation of the order as a concession by Defendants that Plaintiffs were entitled to fees incurred after November 14, 2019." (*Id*.) According to Plaintiffs' counsel, however, Plaintiffs "were very candid with Defendants that agreeing to an agreed judgment on the First Supplemental Judgment did not resolve the fees incurred litigating that motion, and that the Funds intended to move for another fee motion." (Pls.' Reply, Dkt. # 88, at 4.) Plaintiffs contend that they are "entitled to the full amount [they seek in the instant motion] because the fees incurred by Plaintiffs litigating the First Fee Motion are directly attributable to Defendants' strategy of aggressively disputing the fees sought in the motion and insisting for months that the parties engage in repeated negotiations to resolve the motion and return for court hearings rather than having the Court decide the fully-briefed motion." (Pls.' Mem. Supp. Mot., Dkt. # 83, at 7.)

---

(Pls.' Reply, Dkt. # 88, at 3.) Plaintiffs state that they incurred the initial round of additional attorneys' fees "enforcing their judgment against the Defendants, which did not cooperate with the Funds' collection efforts and did not voluntarily remit any payments to the Funds to satisfy the judgment until Plaintiffs brought a motion for judicial sale of assets against Defendants in February 2019." (Pls.' Mot. Supp. J., Dkt. # 67, ¶ 7.)

Plaintiffs seek the following amounts in attorney's fees as of the filing date of Plaintiffs' second supplemental motion for judgment:

| | |
|---|---|
| 11/16/19-2/25/20: | $13,168.75 |
| 2/26/20-7/5/20: | $12,496.51 |
| 7/5/20-7/16/20: | $ 5,850.00 |
| Total: | $31,515.26 |

These figures were disclosed as part of the Local Rule 54.3 process with respect to the instant motion. To be clear, however, Plaintiffs' current motion seeks only an award of $13,168.75, which is for fees through February 25, 2020. Nevertheless, Plaintiffs seek leave in their motion to add the subsequent fees ($12,496.51, $5,850, and fees incurred subsequent to July 16, 2020) to their request, "once the Court has ruled on the merits of their motion." (Dkt. # 83, at 15.)

The Court did not approve the parties' agreement on Plaintiff's supplemental judgment on January 30, 2020 with the understanding that additional fees were outstanding. On November 14, 2019, at the initial hearing on Plaintiffs' motion for supplemental judgment, the Court addressed the issue of the outstanding balance Defendant owed to the Illinois Department of Revenue based on the turnover order entered on June 11, 2019. Defendant indicated that he had paid half of what was owed and needed an additional thirty days to pay the balance. The Court then stated, "Where are we going with this in the long run? [Plaintiffs'] counsel has filed a petition for how much in attorney's fees?" Plaintiffs' attorney indicated they were seeking approximately $55,000.00. The Court responded as follows:

> I saw this as a problem from the very beginning. I find it unlikely that the defendant is going to be able to come up with an additional $50,000 or $60,000 any time soon, but that is the agreement that he signed on to, and that is the Court's order. We will continue this for 30 days, one, so that the defendant can attempt to meet his obligations to the Illinois Department of Revenue under the agreed order; and two, so that the defendant can attempt to reach an agreement with plaintiff's counsel with respect to the supplemental attorney's fees petition. . . . *It has to come to an end at some point*.

The Court conducted four more hearings to ensure that the parties finalized their agreement on Plaintiffs' supplemental motion for attorney's fees. Despite the Court very clearly indicating both its intent that the case be concluded and its belief that the supplemental judgment order would do just that, Plaintiffs' counsel at no time revealed to the Court that Plaintiffs were not at an end and instead were already contemplating their next motion for fees. Indeed, 49.2 of the 49.7 hours for which Plaintiffs seek to be compensated in their current motion for second supplemental judgment were incurred *prior* to entry of the initial supplemental judgment.

As the Seventh Circuit has stated:

> "A request for attorney's fees should not result in a second major litigation." Despite this oft-quoted admonition, fee litigation has become a significant burden

> on the federal courts. As we have previously observed, fee litigation "can turn a simple civil case into two or even more cases-the case on the merits, the case for fees, the case for fees on appeal, the case for fees for proving fees, and so on ad infinitum, or at least ad nauseam." Given the burdens this litany of fee litigation imposes upon the courts, we have granted wide latitude to district courts in setting awards of attorney's fees, for "neither the stakes nor the interest in uniform determination are so great as to justify microscopic appellate scrutiny." *Id.* Generally, a district court will only abuse this discretion when no reasonable person could have taken the same view it adopted.

*Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003) (citations omitted).

Given the circumstances of this case, the Court finds unreasonable Plaintiffs' failure to disclose their intent to continue with additional fee litigation when presenting to the Court an agreed order on their initial motion for a supplemental judgment for attorney's fees.[3] Plaintiffs blame Defendant, stating that "if [Defendant] had wanted to resolve all further fee motions, it could have done so by insisting that the parties negotiate a global fee settlement and include language in the order providing that no further fees would be awarded," and asserting that "[h]ad [Defendant] insisted on such an approach, [Plaintiffs] of course would have insisted that a higher dollar amount appear in the final judgment." (Pls.' Reply, Dkt. # 88, at 8). But this position ignores the Court's responsibility to appropriately manage the litigation before it. Had the Court been aware of the circumstances, it could have required the parties to negotiate a *final* order on attorney's fees and avoided the subsequent litigation and significant associated costs, not to mention the additional time and effort this Court has expended addressing the instant motion for a second supplemental judgment (and, if it were up to Plaintiffs, perhaps more). *See Ustrak v. Fairman*, 851 F.2d 983, 990 (7th Cir. 1988) ("To ensure that this really is the end of the case we direct [the plaintiff] to submit to the clerk of this court within 15 days a statement of the fees he reasonably incurred in defending against this appeal.")

Finally, it is worth noting that Plaintiffs obtained a judgment for unpaid contributions, interest, and liquidated damages in the amount of $127,024.63. To date, Plaintiffs have recovered $61,127.02 in attorney's fees, approximately half of the merits award. In addition, Plaintiffs are seeking an additional $31,515.26, plus an undisclosed sum subsequent to July 16, 2020, which the Court will conservatively estimate at $5,000.00. Plaintiffs then will have sought approximately $97,642.28 in attorney's fees on a judgment amount of $127,024.63, or $.77 in attorney's fees for every dollar received on the merits award. This is simply untenable, particularly given the subject matter of the suit. While the Court acknowledges that Defendant's obstructionist behavior has led to Plaintiffs' vigorous pursuit of their fees, it is Plaintiffs' own failure to be transparent with the Court that has led to the current situation.

---

[3] Indeed, Plaintiffs' motion for a second supplemental judgment filed on November 11, 2019 states that "[t]he Funds anticipate incurring an additional $675 in attorneys' fees related to this case after the date of this motion." (Pls.' Mot. Supp. J., Dkt. # 67, ¶ 9.) Plaintiffs argue that it was Defendant's continued objections and failure to cooperate that led Plaintiffs' post-filing fees to escalate to the over $13,000.00 sought in the instant motion.

4

For these reasons, the Court denies Plaintiffs' second supplemental motion for fees.

**Date**: November 30, 2020

                                                           **Ronald A. Guzmàn**
                                                           **United States District Judge**